# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—DECEMBER TERM, 1898.

### John Carolan et al. v. The Township Board of Education.

1. BOARD OF EDUCATION—*Power to Locate School-house Sites.*—A board of education has no power to locate and purchase a school-house site, without first submitting the question to a vote of the electors of the township.

2. APPELLATE COURT PRACTICE—*Objections Which Come Too Late.*— The objection that the original master's report is incorporated in the record, instead of a transcript thereof, comes too late after a joinder in error in the Appellate Court.

**Bill for Injunction.**—Trial in the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Decree dismissing the bill for want of equity; appeal by complainant. Heard in this court at the December term, 1898. Reversed and remanded with directions. Opinion filed April 11, 1899.

D. H. PINNEY, attorney for appellants.

B. W. SCHUMACHER and MONK & ELLIOTT, attorneys for appellees.

MR. JUSTICE CRABTREE delivered the opinion of the court.
This was a bill for an injunction to restrain the board of education, appellees, from issuing bonds to pay for the erection of a high school building in township 43, range 12, in pursuance of an alleged vote of the electors of said town-

ship. The validity of such election, and the right of said board of education to issue the bonds, are the questions involved in this controversy. The township includes the city of Highland Park, situated in the southeast corner of the township, and also the village of Fort Sheridan, which adjoins said city on the north. Both city and village front upon Lake Michigan and extend about one and one-fourth miles back from the lake, and about three miles along the lake shore. The township is fractional and contains about thirty square miles of territory, including the corporate limits of the city and village. The western portion of the township has been organized into a separate town known as West Deerfield, and has two railroad stations, one at Deerfield Corners, and one at Everett, where there is also a postoffice by the same name. The city of Highland Park contains over half of the inhabitants of the township, the remainder of the township being more sparsely settled and consisting principally of farming lands. All of the complainants in the bill, being more than sixty in number, reside in the town of West Deerfield.

In 1889 the entire township was organized into a high school district, and a board of education was elected consisting of five members. A high school was established and carried on in a rented building in the city of Highland Park. Three of the members of the board have always been elected from the city and village, and the other two from the outside territory. It appears the business of the board has generally been transacted by the three members residing in Highland Park and Fort Sheridan, and that the two members residing at West Deerfield seldom attended the meetings of the board. In 1896 said board of education purchased a lot whereon to erect a high school building, but no vote of the people was taken as to the selection of the site, or authorizing the purchase. On July 30, 1897, a meeting of said board was held at which Smoot, Pease and Shields, the members from Highland Park and Fort Sheridan were present, but the other two, Adams and Pettis, from West Deerfield, were absent. It is claimed by

appellant that the absent members had no notice of this meeting, but in the view we take of the case we deem it unnecessary to discuss the evidence bearing upon that question. At the meeting last mentioned, however, it was resolved to erect a high school building upon the lot theretofore purchased, and to issue bonds for the payment therefor to the amount of $30,000, and it was ordered that an election be held on the 21st of August following, at which two propositions were to be submitted, viz. :

"First: 'For' or 'against' the proposition to authorize the township board of education of the township high school of township forty-three, ranges twelve and thirteen east of the third principal meridian, in Lake county, Illinois, to build a school-house on lot eight, in block thirty-five, in the city of Highland Park, in said township forty-three, in the county of Lake and State of Illinois, the cost thereof to be $30,000."

"Second: 'For' or 'against' the proposition authorizing said township board of education to issue the bonds of said township to the amount of $30,000, proceeds to be used to build said school house."

Action was taken as to giving notice of such election, and certain notices were given and an election held accordingly. It is insisted by appellant that proper notices were not given, and that the voters of West Deerfield were wrongfully deprived of a polling place, for the reason that only one polling place was provided in the whole township, and that was located in the city of Highland Park. These questions, however, we shall not take time to discuss. The election being held at the time fixed upon by the board, viz., August 21, 1897, there were cast 277 votes in all, 242 being in favor of the propositions submitted and 35 against. The master found by his report as amended, that the township contained 962 voters, 207 of whom were in West Deerfield, so it appears that the vote cast at the election was small as compared with the total number entitled to vote, but we do not regard this point as being very material to a determination of the questions involved. The people of West Deerfield, as well as the members of the board from that

place, appear to have been opposed to the building of the school-house, but whether it was because they did not want a high school at all, or for the reason it was to be located in Highland Park, does not clearly appear, nor is it necessary to inquire. The controversy is similar to many which have arisen when there has been an attempt to establish a township high school, and tax all the property of the township for its creation and support, when practically only a favored locality would be benefited thereby.

Immediately after the election, appellant, with fifty-nine other residents of West Deerfield who were joined as complainants, filed the bill in this cause and obtained a temporary injunction restraining the board of education from issuing the bonds. Answers were filed and the cause being at issue was referred to the master to take and report proofs and his findings thereon. The master found in favor of the complainants in the bill. On a final hearing of the cause, upon exceptions to the master's report, the court dissolved the injunction and dismissed the bill for want of equity, and appellant brings the cause to this court for review.

Two questions are presented to us for determination which must be decisive of this case. 1. Had the board of education power to locate and purchase a school-house site without submitting the question to a vote of the electors of the township? 2. If the first question is answered in the negative, did the election which was afterward held (conceding it to be legally called and held), amount to such a ratification of the former illegal action of the board in selecting and purchasing the school-house site, as to validate the same and now authorize the board to issue the bonds in controversy?

As to the first proposition, we hold under the authority of Greenwood v. Gmelich, 175 Ill. 526, the board of education had no power to locate and purchase a school-house site without submitting the question to a vote of the electors. We so held in the case of Ziesing v. Matthiessen in an opinion filed by this court December 14, 1898. It is unnecessary to repeat the reasoning of those cases. The question

Carolan v. Township Board of Education.

must be considered as settled in this court. As to the second proposition we hold that the subsequent election did not constitute such a ratification of the previous illegal action of the board as to validate the same and authorize the issuing of the bonds sought to be enjoined. The electors were given no choice. No opportunity was afforded them of voting upon a location as they had the right to do. That was an important right given to them by the law, and the election held had no reference whatever to the choice of a site for the high school building. The case of Leighton v. Ossipee School Dist., 66 N. H. 548 (S. C., 81 Atl. Rep. 899), cited by appellee, we do not regard as being in point, the question there decided not being the same as that presented to us. As the determination of these two propositions adversely to appellees is fatal to their case, it is unnecessary to discuss the many other points made for reversal. It is insisted by counsel for appellees, that we should not consider the errors assigned, because the original master's report is incorporated in the record instead of a transcript thereof, and authorities are cited to show that this can not be done even by stipulation of the parties. We think the objection comes too late. We must take the record as we find it, certified by the proper officer, and can not know judicially that the original of the master's report is incorporated instead of a transcript. Had the matter been brought to our attention before a joinder in error, as by a motion to strike from the files, appellant could have suggested a diminution of the record and obtained leave to supply transcript. But the cause having been submitted on the record certified by the clerk, appellees ought not now be permitted to avail of that objection. However, this question is not very material, as we decide the case on bill and answer, without reference to the master's report, and hence even if the objection were tenable it would make no difference in our decision.

As to the complainants who were not tax payers, as shown by the master's report, it was proper to dismiss the bill; but as to appellant and the other complainants, it was error to

dissolve the injunction and dismiss the bill.    We think the court should have made the injunction perpetual according to the prayer of the bill.

The decree will be reversed and the cause remanded with directions to the Circuit Court to enter a decree in accordance with the views herein expressed.    Decree reversed with directions.